UNITED STATES, Appellee,

v.

Private First Class Johnnie BACA, SSN 522–84–8218, United States Army, Appellant.

CM 434842.

U. S. Army Court of Military Review.

25 May 1977.

Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, and Captain Ralph E. Sharpe, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel John T. Sherwood, Jr., JAGC, Captain Richard S. Kleager, JAGC, and Captain Larry R. McDowell, JAGC, were on the pleadings for appellee.

Before COOK, DRIBBEN and DeFORD, Appellate Military Judges.

OPINION OF THE COURT

COOK, Senior Judge:

The appellant alleges here, as he did at the trial level, that the military was estopped from trying him for his crimes because it had failed to comply with the provisions of paragraph 2–4a, AR 635–200.[1]

The referenced paragraph reads:

"A member may be retained beyond the expiration of his term of service by a general court-martial convening authority, or his designee, when an investigation of his conduct has been initiated with a view to trial by court-martial; charges have been preferred; or the member has been apprehended, arrested, confined or otherwise restricted by the appropriate military authority. However, if charges have not been preferred, the member shall not be retained more than 30 days beyond the expiration of his terms of service without the personal approval of the general court-martial convening authority concerned."

The relevant facts and appellant's argument are as follows:

On 3 September 1975, appellant went absent without leave (AWOL). On 21 September 1975 his original ETS (expiration

1. See United States v. Torres, 3 M.J. 659 (A.C.M.R. en banc 1977).

term of service) date arrived, and no charges had been preferred. On 7 October 1975 permission by the designee of the general court-martial convening authority authorized "retention beyond ETS of SM"[2] under the authority of the above-cited regulatory provision. Appellant was returned from his unauthorized absence on 5 March 1976. On 10 March 1976, charges, unrelated to the AWOL, were preferred and on 24 March 1976 additional charges, to include the AWOL, were also preferred. All charges were referred by the general court-martial authority on 22 April 1976.

While appellant concedes that his ETS was extended beyond 21 September 1975 by the action of the convening authority's designee, he sets the termination date of that extension at 21 October 1975 and argues, based on the second sentence of the paragraph quoted, *supra*, that because the general court-martial convening authority didn't personally act to retain him beyond the 21 October date the Government is estopped from bringing him to trial. He cites *United States v. Kalt,* 50 C.M.R. 95 (A.C.M.R.1975) and *United States v. Simpson,* 51 C.M.R. 218, 1 M.J. 608 (A.C.M.R.1975) as supportive of his conclusion. We find factual distinctions between those cases and the instant case that persuade us of their inapplicability to this case.

The fallacy in appellant's argument becomes apparent on reading Title 10 United States Code § 972:

"An enlisted member of an armed force who— . . . (2) is absent from his organization, station, or duty for more than one day without proper authority, as determined by competent authority; . . . is liable, after his return to full duty, to serve for a period that, when added to the period that he served before his absence from duty, amounts to the term for which he was enlisted or inducted."

All parties to this litigation agree that when appellant took "French leave"[3] on 3 September 1975 he had, at a minimum, 17 days yet to complete on the original enlistment that had been due to expire on 21 September 1975. Appellant was liable, under the terms of the aforequoted statute, to serve upon his return to military control at least 17 more days.[4] Thus, when appellant left military control on 3 September his original ETS of 21 September became inoperative. Appellant's adjusted ETS upon the occasion of his return to military control on 5 March 1976 was, applying the language of the statute to the facts of this case, at least 22 March 1976. As charges had been preferred by the latter date, under the broad terms of the retention authorization, referred to earlier,[5] this date was extended indefinitely. In short, there was never any need in this case for the general court-martial convening authority to take a personal action under the provisions of paragraph 2–4a, AR 635–200. Consequently, we find the alleged jurisdictional error to be without merit.

Detecting no other prejudicial errors and being satisfied that the sentence is appro-

---

2. Quote is from actual phrase taken from authorizing indorsement (R, App Ex VII); "SM" means service member, AR 310–50, 3 November 1975, Authorized Abbreviations and Brevity Codes.

3. A euphemism for an unauthorized departure. *See* Webster's New World Dictionary of the American Language (2d College Ed., 1974). Apparently at one time the French were the butt of ethnic jokes, not unlike the present day situation as pertains to certain Slavic and Mediterranean countries. For example, venereal disease was once known as "French gout." *See* E. C. Brewer, Dictionary of Phrase & Fable, 438 (Centenary Ed. 1970).

4. Appellant asserts that 10 U.S.C. § 972 is not self-executing. We see nothing in the language of the statute or its implementing regulation (*see* paragraph 2–3, AR 635–200) to support that assertion. Clearly his unit commander had made all the determination as to his status that is required by the statute when he reported that appellant was in an AWOL status.

5. There is also no question that, on the date the authorization was issued, "an investigation of [appellant's] conduct ha[d] been initiated with a view to trial by court-martial." *See* paragraph 2–4a, AR 635–200, *supra*.

priate—the findings of guilty and the sentence are affirmed.

Judge DRIBBEN and Judge DeFORD concur.